JUDGE ROBERTSON
delivered the opinion oe the court.
By-Ms last will, probated in the year 1850, Addison S. Parker, among many devises and bequests to various persons, bequeathed to his executor Abner Hord seven thousand five hundred dollars, in trust, to keep and make productive for the use of Susan Gooding, an infant, but to be paid to her brother- A. P. Gooding in the event of her dying before twefityrone years of age and without issue. Hord, after holding the fund a short time, procured a decretal order exonerating himself from the responsibilities of the trust, and substituting Charles M. Fleming as the trustee, who, after much solicitation by the beneficiary’s friends, and their pledge of “liberal compensation,” reluctantly accepted the place, and executed a sufficient bond for assuring a faithful fulfillment of its incumbent duties; and on the 1st of January, 1851, he received from Hord seven thousand seven hundred and twenty-five dollars in promissory notes, constituting the trust fund. In 1865 he reported to the court considerably more than a duplication of the fund, after paying several incidental drafts on it for the benefit of the beneficiary, who shortly afterward intermarried with B. H. Wilson, who, in their joint names, brought this suit, seeking finally, without any charge of delinquency or infidelity, a settlement of the trust.
*612 The commissioner’s report in support of Fleming’s answer exhibits an increase of the net fund from seven thousand seven hundred and twenty-five dollars to twenty thousand three hundred and forty-six dollars and seventy-nine cents, notwithstanding the troubles and disturbances of the intermediate civil war; manifests a readiness and desire to pay over the accumulated fund and get clear of the trust whenever the court shall adjudge it best for the petitioners and safe to himself; but properly suggested that, as the beneficial legatee was not only covert but still an infant, he could not safely pay to her husband or to herself without judicial sanction, for his own indemnity. As soon as she became twenty-one years old the court authorized the payment of her debts, and also the larger portion of the fund, and re-invested it in land, and by a final decree ordered the trustee to pay the balance, after deducting nine hundred and twenty-seven dollars and thirty-three cent, for his compensation, and which was not quite five per cent, for the whole period of service, and lastly adjudged all the costs against him.
On this appeal he urges a reversal as to the costs and also as to the compensation; and these are the only questions seriously litigated, or now presented for our revision.
As the appellant apparently fulfilled the trust with unexceptionable fidelity and remarkable success, and was not only in no respect delinquent so as to justify the suit when prematurely instituted against him, but co-operated with the court in facilitating an adjustment as soon as it could be effected safely to all parties, it seems unreasonable to tax him with any costs. It seems to this court that the trust fund ought to be charged with all the costs, and we so adjudge. Hacl there been no impatient husband, there might have been no such suit and no costs.
*613 The circuit court seems to have assumed that some inflexible rule restricted-a trustee’s compensation to five per cent.; but such an unequal rule would be inconsistent with the reason for compensation, which apportions the rate according to the nature and responsibility of the trust, and the length, fidelity, and success of the service.
In this ease the most credible testimony indisputably proves that the appellant’s services were reasonably worth one and a half per cent, annually, to be credited at the end of each year on the fund in his hands, and charging him with six per cent, interest on the balance; and in this case we do not feel authorized to allow less, or in any other mode; and this will scarcely be the liberal reward promised him. Biennial rests, as presented hy the circuit court for compounding the legal interest, are approved as apparently reasonable. And there is neither proof nor intimation that the appellant, by loaning or using the trust fund, made more than six per cent., or ought to have converted that into productive capital oftener than once in every two years.
Wherefore the judgment is reversed, and the cause remanded for the proper proceeding and decree conform-ably with the foregoing opinion.